


DARIN THOMAS
3707 MOTOR AVE #303
LOS ANGELES, CA 90034
*Defendants, In Pro Se*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

LACV18 02656-CAS-RAOx

| | |
|---|---|
| LIDO EQUITIES GROUP<br><br>PLAINTIFF,<br><br>VS.<br><br>DARIN THOMAS DOES 1 TO 20<br><br>DEFENDANTS | Case No.:<br><br>**NOTICE OF REMOVAL**<br>[28 USC 1441, 1446 (d)]<br>Calif. CCP 430.90]<br><br>from the LOS ANGELES County Superior Court,<br>Case #: **18SMUD00265** |

Defendants allege:

**PARTIES AND COUNSEL**

1.Defendants DARIN THOMAS, and Plaintiff LIDO EQUITIES GROUP are those parties in a California State Court filed in the LOS ANGELES County Superior Court, SANTA MONICA SUPERIOR COURT, concerning real property located at 3707 MOTOR AVE #303 LOS ANGELES, CA 90034

ORIGINAL

2. Defendant DARIN THOMAS is the former tenant of the premises, and participants in this litigation.

3. Whereas this action was filed in California State Court against the former tenant of the premises, Defendant DARIN THOMAS is a bona fide tenant under the "Protecting Tenants at Foreclosure Act"

4. Plaintiff is represented by Counsel in the State Court action as follows:

Duane Hall, Esq. 424.744.8910
2118 Wilshire Blvd Ste 106
Los Angeles, CA 90403

**Federal Question**

5. Plaintiff has actually filed a Federal Question action in State Court, for which the State Court Action is removed under 28 U.S.C. 1441 *et seq.* and *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

6. New federal legislation effective May 21, 2009, as amended in July, 2010, as Public Law 111-203, the "Protecting Tenants at Foreclosure Act 2009," 12 U.S.C. 5220, note [hereafter "PFTA" preempted State Law as to bona fide Residential tenants of foreclosed Landlords [*Florida Lime & Growers, Inc v. Paul*, 373 U.S. 132, 142-43 (1963) (concept of limited preemption)]

a. Whereas under California Law, a foreclosure automatically terminated any junior agreements [*Bank of America V. Hirsch Merc. Co.* (1944) 64 Cal App 2d 175, 182], Section 702(a)(2) of the PTFA makes the

purchaser at the foreclosure sale subject to the rights of the existing bonafide tenants. The tenancy is protected by federal law.

b. Whereas under California, a foreclosure eviction may be filed as to any such tenant on mere 60 days' notice of termination [California Civil Procedures Code 1161a, 1161b], the PFTA requires that a full 90 days ' notice be given [PTFA 701(a)(a)]

c. Whereas under California Law, the notice of termination can be given at any time after the foreclosure purchaser has title [California Civil Procedures Code 1161a], under the PFTA the 90-day notice can ONLY be given when the tenancy is a month-to-month OR if the tenancy is a lease where the buyer who will move into the premises as their primary residence. [PFTA 701(a) (2)]

d. It is unlawful to evict a bona fide residential tenant of a foreclosed landlord under Federal Law.

7. The complaint in this action was filed in State Court as artful pleading, entitled by the Superior Court of California as Unlawful Detainer, pleadings intentionally fails to allege compliance with the PTFA, serving only a 3 day notice to quit.

Thus, in order to evict a bona fide residential tenant of a foreclosed Landlord, Plaintiff was required to state a cause of action under the PTFA, but sought to avoid those protections by filing this action as an "Unlawful Detainer" by artful pleadings in State Court.

8. A well-pleaded complaint is shown at least where the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare Assurance v. McVeigh* 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal*. 463 US 1, 12, 27-28 (1983). Here, the complaint is based upon the PTFA, but it was brought in Superior Court Court, and misnomered "Unlawful Detainer."

9. Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if (1) the federal issues are essential to the claims, (2) there is a substantial federal issues in resolving such issues, and (3) a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r & Mfg*. 545 US 308, 313, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to

express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality* 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804, 817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to create a right without a remedy. *First Pacific Bancorp, Inc v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. *The four criteria of Cort V. Ash* 422 US 66 (1975) are satisfied:

a. Defendant DARIN THOMAS is a member of a protected

class for whom the statue, the "Protecting Tenants at Foreclosure Act" was created.

b. The rights-creating language of the PTFA, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004), 9th Cir) are underscored by

i. The language of the PTFA, particularly 702(a),

ii. The lack of any other specified enforcement mechanism [*First Pacific Bancorp inc. v. Helfer* 224 Fed 3d 1117m 1123 (200, 9th Cir.); *Williams v. United Airlines, Inc* *500* Fed 3d, 1019, 1024 (9th, 2007)], and

iii. The legislative history.

c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.

d. The "traditional status" of evictions as a state cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc.* v. Helfer, 224 F. 3d 1117, 1127 (9th Cir. 2000)], particularly where here, as in Civil Rights legislation, Congress intended to occupy the filed and break tradition, with a bold new law

intended to protect tenants whose landlords did not use the rent money to pay the mortgage, in a distressed economy, under the Supremecy Clause.

13. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facide case in the language of the PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

14. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

**Removed Action**

15. The notice of removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

16. A true and correct copy of the State Court Complaint of the action and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

17. Defendant, DARIN THOMASis bona fide residential tenant of a foreclosed landlord, entitled to the protection of the PTFA, and entitled to remove this action to Federal Court.

18. Under California code of Civil Procedure 430.90, the state trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the state Court, after which jurisdiction will again attach as described in that statue.

DATED:

D. Thomas 04.02.2018

DARIN THOMAS, In Pro Se

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 65 Pine Ave Suite 171 Long Beach, CA 90802

On ______________ I served the foregoing document(s) described as: **NOTICE OF REMOVAL** to the following parties:

Duane Hall, Esq. 424.744.8910
2118 Wilshire Blvd Ste 106
Los Angeles, CA 90403

[ X ] (By U.S. Mail) I deposited such envelope in the mail at Long Beach, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed in valid in postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 04.02.2018

Francisco Bourne
Francisco Bourne

UD-100

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Duane Hall, Attorney at Law State Bar No. 71085
2118 Wilshire Blvd. Suite 106
Santa Monica, CA 90403
(424) 744 8910
TELEPHONE NO.: FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

ORIGINAL FILED
JAN 24 2018

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS:
MAILING ADDRESS: 1725 Main Street
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME:

PLAINTIFF: LIDO EQUITIES GROUP

DEFENDANT: DARIN THOMAS
and
[✓] DOES 1 TO 20

**COMPLAINT — UNLAWFUL DETAINER***

[✓] COMPLAINT [ ] AMENDED COMPLAINT (Amendment Number): ____

CASE NUMBER: 18SMUD00265

**Jurisdiction** (check all that apply):
[✓] ACTION IS A LIMITED CIVIL CASE
Amount demanded [✓] does not exceed $10,000
[ ] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
[ ] from unlawful detainer to general unlimited civil (possession not in issue) [ ] from limited to unlimited
[ ] from unlawful detainer to general limited civil (possession not in issue) [ ] from unlimited to limited

1. PLAINTIFF (name each): LIDO EQUITIES GROUP

alleges causes of action against DEFENDANT (name each): DARIN THOMAS

2. a. Plaintiff is (1) [ ] an individual over the age of 18 years. (4) [ ] a partnership.
(2) [ ] a public agency. (5) [X] a corporation.
(3) [ ] other (specify):

b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):

3707 Motor Ave. #303 Los Angeles, CA 90034

4. Plaintiff's interest in the premises is [X] as owner [ ] other (specify): landlord authorized to accept rent
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about (date): 7/15 defendant (name each): as named

(1) agreed to rent the premises as a [ ] month-to-month tenancy [X] other tenancy (specify): lease
(2) agreed to pay rent of $ 1,595.00 payable [✓] monthly [ ] other (specify frequency):
(3) agreed to pay rent on the [X] first of the month [ ] other day (specify):

b. This [X] written [ ] oral agreement was made with
(1) [X] plaintiff. (3) [ ] plaintiff's predecessor in interest.
(2) [ ] plaintiff's agent. (4) [ ] other (specify):

* **NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

| PLAINTIFF (Name): | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ☑ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ 6,934.69
11. ☑ The fair rental value of the premises is $ 58.17 per day.
12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*
13. ☑ A written agreement between the parties provides for attorney fees.
14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*
    ( ) LARSO April 1979, Section 152.120 as amended
    ( ) SMRCCA Art. XVIII, April 10, 1979 as amended 1984

    Plaintiff has met all applicable requirements of the ordinances.
15. ☐ Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. **PLAINTIFF REQUESTS**
    a. possession of the premises.
    b. costs incurred in this proceeding:
    c. ☑ past-due rent of $ 6,934.69
    d. ☑ reasonable attorney fees.
    e. ☑ forfeiture of the agreement.
    f. ☑ damages at the rate stated in item 11 from *(date):* 2/1/18 for each day that defendants remain in possession through entry of judgment.
    g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
    h. ☐ other *(specify):*
18. ☑ Number of pages attached *(specify):* 3

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)**

19. *(Complete in all cases.)* An unlawful detainer assistant ☐ did not ☑ did for compensation give advice or assistance with this form. *(If plaintiff has received **any** help or advice for pay from an unlawful detainer assistant, state:)*
    a. Assistant's name:
    b. Street address, city, and zip code:
    c. Telephone No.:
    d. County of registration:
    e. Registration No.:
    f. Expires on *(date):*

Date: January 23, 2018

Duane Hall
(TYPE OR PRINT NAME)

▶ ______________________
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: see attached

______________________
(TYPE OR PRINT NAME)

▶ ______________________
(SIGNATURE OF PLAINTIFF )

Lido Equities Management, Inc.
218 North Canon Drive, Suite C
Beverly Hills, CA 90210
Ph. 310 278 8999
Fax 310 278 6801
Office hours: Mon-Fri 9 Am to 6 Pm
Sat-Sun: 10 Am - 4 Pm

## THREE (3) DAY NOTICE TO PAY RENT OR QUIT

TENANT(S): Darin Thomas
(and all others in possession)

PREMISES: 3707 Motor Avenue #303
(Apt. No.) (Address) (St., Ave., Blvd., etc.)

Los Angeles, (City) California 90034 (Zip Code)

Rent Per Month: $ 1,745.00

Date Rent Due: January 1st, 2018

Total Delinquent Rent: 6,934.69

Break down: rent of 1745.00 plus the SCE of 3061 owed from 10/1/17 through 1/1/18

TO TENANT(S):

Within three days after the date of service of a copy of this notice upon you, you are required to:

1. Pay the total delinquent rent due for the premises, as stated above; or
2. Quit and deliver up possession of the premises to the undersigned.

IF YOU FAIL either to pay the total delinquent rent or quit possession of the premises within three days after the date of service of a copy of this notice, legal action will be instituted for possession of the premises, for forfeiture of the rental agreement and for such other damages as may be allowed by law.

Such legal action could result in a judgment against you which would include the costs, attorneys fees and necessary disbursements allowed by law.

Landlord elects to declare forfeiture of your rental agreement. This notice supersedes all prior notices to pay rent or quit served upon you.

Person to whom rent is to be paid: Tom Lahm/make check payable to: Venetian Development, L.P.

Address where rent is to be paid: 218 North Canon Drive (Suite C) in Beverly Hills, CA 90210

Days on which rent may be paid: Monday through Friday 9 Am - 6 Pm/Sat/Sun 10 Am to 4 Pm

Times at which rent may be paid: Same as above

Telephone No. where rent may be paid: 310 278 - 8999

Date: January 17th, 2018 Owner/Agent Signature: [signature]

Sec. 594 of the Penal Code of California
"Every person who maliciously injures, or destroys any real property not his own . . . is guilty of vandalism." (A Felony or Misdemeanor)

EX 2